**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD J. SPENCER, Husband;
DURLA C. SPENCER, Wife,

Plaintiffs-Appellants,

v.

ARKANSAS BLUE CROSS AND
BLUE SHIELD, a Mutual Insurance
Company,

Defendant-Appellee.

No. 05-5214
(D.C. No. 04-CV-360-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON,** Circuit Judges.

In this appeal, Ronald and Durla Spencer challenge the district court's

judgment dismissing their breach of contract claim and determining, based on the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

administrative record, that Arkansas Blue Cross and Blue Shield (Blue Cross) properly rescinded Durla's health insurance coverage. We affirm.

Blue Cross issued a small group health plan to Ronald's employer, Aire Tech Corporation. Ronald requested coverage for himself and Durla on a Blue Cross form. The form's medical questionnaire section sought information as to whether "any person to be insured [has] ever had or been advised to have treatment, diagnosis or care for," among other things, high blood pressure, arthritis, back pain, and sinus disorders. Aplt. App. at 23. A warning above this inquiry read: "FAILURE TO REVEAL ALL MEDICAL INFORMATION WHETHER INTENTIONAL OR UNINTENTIONAL MAY RESULT IN TERMINATION OR RESCISSION OF COVERAGE." *Id.* The form also elicited prescription information for "any person to be insured." *Id.* at 24. In the form's signature section, the applicant was warned that "[t]his application may be rejected if it is incomplete" and that "any material misrepresentation, omission or fraudulent statement, may result in cancellation of any coverage issued in reliance thereon." *Id.* Nevertheless, when Ronald completed the form, he did not reveal anything about Durla's medical history, although she suffered from high blood pressure, arthritis, recurrent back pain, and chronic sinusitis, and had been prescribed medication for these conditions. Blue Cross eventually discovered Durla's medical history and rescinded her coverage, stating that her omitted

history was "important to [Blue Cross's] underwriting department in making a determination of risk assessment and rates for [Aire Tech's employee] group." *Id.* at 38.

Ronald unsuccessfully appealed the rescission to Blue Cross's appeals coordinator. He and Durla then filed suit in federal court, apparently asserting a breach of contract claim somehow premised on the Health Insurance Portability and Accountability Act (HIPPA). Blue Cross moved to dismiss and for judgment on the administrative record. The Spencers opposed the motion and sought discovery outside the administrative record to obtain Blue Cross's "underwriting practices, procedures, and policies in general and its underwriting methodologies and calculations in this case in particular." Aplee. Supp. App. at 449.

The district court denied the Spencers' motion and entered judgment for Blue Cross, ruling that the Employee Retirement Income Security Act (ERISA) preempts state breach-of-contract claims, that Blue Cross, as the plan administrator, had discretionary authority to make claims determinations, that the Spencers received sufficient notice of the rescission of coverage, and that substantial evidence supported rescission.

On appeal, the Spencers argue that (1) there was no evidence that the omission of Durla's medical history materially affected Blue Cross's premium calculations and underwriting determinations; (2) Blue Cross provided inadequate notice of the reasons for rescinding coverage; (3) a breach of contract claim could

be maintained to enforce HIPPA; (4) the omission of Durla's medical history did not justify the loss of coverage; and (5) discovery was improperly denied.

## DISCUSSION

Where, as here, an ERISA plan grants a plan administrator "discretion in interpreting the terms of, and determining the grant of benefits under, the plan, we are required to uphold the decision" unless it is arbitrary and capricious. *Adamson v. Unum Life Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006).[1] Under such circumstances, review is limited to the materials compiled in the administrative record. *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1169 (10th Cir. 2006). And "if after judicial review, it appears the administrator . . . was correct in its decision, the court will uphold that decision even in light of" inadequate notice denying coverage. *Hickman v. GEM Ins. Co.*, 299 F.3d 1208, 1215 (10th Cir. 2002). Finally, a district court's decision regarding ERISA preemption is subject to de novo review. *Allison v. Unum Life Ins. Co. of Am.*, 381 F.3d 1015, 1025 (10th Cir. 2004).

---

[1]     The fact that Blue Cross served as both plan administrator and insurer does not necessarily warrant less deference to the administrative decision. *See Adamson*, 455 F.3d at 1213 (stating that matters such as the insurer's solvency and the nature or size of the medical claims should be considered before presuming bias from an insurer's dual roles).

After reviewing the record and the parties' arguments, we AFFIRM the district court's judgment for substantially the same reasons stated therein.

Entered for the Court

John C. Porfilio
Circuit Judge